**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MINDY DIRIENZO,**

    Plaintiff,                                               Case No.:

vs.

**THE LAW OFFICE OF**
**PATRICK K. ELLIOTT, PLLC, and**
**PATRICK K. ELLIOTT, Individually,**

    Defendants.
_____/

## COMPLAINT

Plaintiff, MINDY DIRIENZO, by and through her undersigned counsel, sues Defendants, THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, and PATRICK K. ELLIOTT, Individually, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, MINDY DIRIENZO, hereinafter referred to as "PLAINTIFF," is a resident of Pasco County, Florida.

4. Defendant, THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, ("LOPE") is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5. At all times material hereto Defendant, PATRICK K. ELLIOTT, Individually, ("ELLIOTT") was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

7. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendants are employers as defined by the laws under which this action is brought.

9. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

10. Defendant, LOPE, is a law practice dedicated to representing employees in labor and employment disputes.

11. Defendant, ELLIOTT, is a Florida licensed attorney dedicated to representing employees in labor and employment disputes.

12. Prior to filing suit, counsel for Plaintiff sent Defendants a demand letter to resolve this dispute. Defendants failed to respond the letter or otherwise communicate with Plaintiff or Plaintiff's counsel.

13.  Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## BREACH OF CONTRACT

14. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 13.

15. Plaintiff was employed with Defendants from approximately November 2019 to March 2020 doing Intake.

16. As an administration assistant, Plaintiff agreed to work for an hourly rate.

17. Defendants failed in their contractual duties to pay Plaintiff for *any* hours worked.

18. The actions of Defendants constitute a breach of the contract between the parties.

19. As a direct and proximate result of the Defendants' breach of the contract, Plaintiff has sustained damages, including but not limited to unpaid wages as contemplated by the agreement between the parties.

20. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

21. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Florida Statute §448.08.

**WHEREFORE**, Plaintiff, MINDY DIRIENZO, prays for judgment against the Defendants for damages as follows:

a.  Payment of earned unpaid wages and/or other contractual remuneration;

b.  Pre-judgment interest;

c.  Post-judgment interest;

d.  Attorneys' fees and costs; and

e. For any other relief this court deems just and equitable.

## COUNT II
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 13.

23. Plaintiff's employment provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

24. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

25. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

26. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MINDY DIRIENZO, respectfully request all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT - MINIMUM WAGE

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 13.

28. At all times material hereto, Plaintiff, MINDY DIRIENZO, was paid an hourly rate.

29. Plaintiff was not paid at least minimum wage for all hours worked in each work week.

30. At all times material, Defendants failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

31. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

32. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, MINDY DIRIENZO, prays for the following against Defendants:

    a. all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

    b. liquidated damages;

    c. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    d. such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

33. Plaintiff requests a jury trial on all issues so triable.

Dated this 26th day of May, 2020.

                              **FLORIN GRAY BOUZAS OWENS, LLC**

                              */s/ Miguel Bouzas*
                              **MIGUEL BOUZAS, ESQUIRE**
                              Florida Bar No.: 48943
                              miguel@fgbolaw.com
                              gina@fgbolaw.com
                              **WOLFGANG M. FLORIN, ESQUIRE**
                              Florida Bar No.: 907804
                              wolfgang@fgbolaw.com
                              16524 Pointe Village Drive, Suite 100
                              Lutz, FL 33558
                              Telephone (727) 254-5255
                              Facsimile (727) 483-7942

                              *Trial Attorneys for Plaintiff*