## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MINDY DIRIENZO,**

    **Plaintiff,**

v.                                        **CASE NO.: 8:20-cv-01197**

**THE LAW OFFICE OF
PATRICK K. ELLIOTT, PLLC, and
PATRICK K. ELLIOTT, Individually,**

    **Defendants.**
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MINDY DIRIENZO ("Plaintiff"), and THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, and PATRICK ELLIOTT ("Defendants") (collectively "the Parties"), by and through their respective undersigned counsel, hereby notify the Court that the Parties have resolved this matter and stipulate to the dismissal of all such claims in this action with prejudice subject to this Court's approval. As such, Plaintiff files this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1. On or about May 26, 2020, Plaintiff filed a Complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §201, *et seq*.) in the United States District Court for the Middle District of Florida. *See* Dkt. 1.

2. Plaintiff alleged that Defendants failed to pay her minimum wage and the proper overtime premium in violation of the FLSA. *Id.*

3. The parties exchanged documents and information regarding the Parties' respective claims and defenses.

4. Counsel for the parties first engaged in settlement discussions regarding Plaintiff's claim on or about May 2020, and the Parties engaged in substantive, arms' length, and time-consuming settlement negotiations from May 2020 through June 2020.

5. On or about June 2020, the Parties came to a preliminary settlement agreement regarding Plaintiff's claims.

6. After the Parties reached an agreement regarding the overtime pay that Defendants allegedly owed Plaintiff, the Parties negotiated attorneys' fees and costs.

7. For example, in addition to the damages and attorneys' fees and costs requested herein, the parties separately negotiated a limited waiver of certain claims and a confidentiality provision in exchange for additional consideration.

8. Finally, the Parties continued to further negotiate particular terms of the agreement until on or about June 19, 2020. *See* Dkt. 13.

9. The Parties have memorialized the settlement terms in the Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit A.

### TERMS OF THE SETTLEMENT AGREEMENT

10. The Parties have agreed to fully settle and satisfy Plaintiff's claims, as set forth in the Settlement Agreement.

11. In summary, this is an excellent recovery for Plaintiff. Plaintiff is receiving the full amount of the purported wages earned and an equal amount in liquidated damages. As such, Plaintiff's claims were not compromised. The Parties' exchanged documents, reviewed payroll

records, and discussed the inherently uncertain legal and factual issues surrounding Plaintiff's proposed FLSA collective action.

12. Additionally, the agreement between the Parties to resolve Plaintiff's underlying FLSA claims were made without regard to the resolution or amount of Plaintiff's attorneys' fees and costs.

13. Here, the Parties only discussed Plaintiff's attorneys' fees and costs after the Parties agreed upon the substantive terms of the Settlement Agreement.

14. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Court must review the FLSA settlement to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-44.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the Parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See*, *e.g.*, *Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating Plaintiff's claims. Both the terms and conditions of the Parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of information and mandatory disclosures, and through closer review of Plaintiff's pay and time records provided by Defendants. The Parties, therefore, respectfully submit that the agreement they have entered into represents a reasonable resolution of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food. See*, *e.g.*, *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

Finally, while some Courts within this District have questioned the propriety of limited waiver and confidentiality provisions when evaluating the fairness and reasonableness of FLSA settlements, Courts in this District have nevertheless approved such provisions when separate consideration was given. *See Vallaire v. American Precast, LLC et al.*, No. 8:18-cv-01635-WFJAEP*,* Dkt. 17 (M.D. Fla. Sept. 21, 2018) (Jung, J.) (approving an FLSA settlement where the release and confidentiality provisions were separately negotiated); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 U.S. Dist. LEXIS 129039, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J37TEM, 2012 U.S. Dist. LEXIS 33929, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

Here, the Agreement clearly states that consideration was given for the general release. In exchange for the respective limited release and confidentiality provisions, Plaintiff will receive additional monetary consideration. As mentioned above, Courts within this District approved these conditions when the plaintiff is provided separate consideration. *See Middleton*, 2013 U.S. Dist. LEXIS 129039, 2013 WL 4854767, at *3. Accordingly, the Parties respectfully submit that the mere existence of the limited release and confidentiality provisions do not undermine the fairness of the Plaintiff's FLSA Settlement Agreement.

## **CONCLUSION**

Based upon the foregoing, the Parties respectfully submit that the settlement reached by the Parties was in full satisfaction of Plaintiff's claims and was a reasonable settlement that was arrived

at after due consideration. Pursuant to *Lynn's Food*, the Parties request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated this July 15, 2020.

Respectfully submitted,

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
gina@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**

*/s/ Patrick K. Elliott*
**PATRICK K. ELLIOTT, ESQUIRE**
Florida Bar No.: 1000970
elliottp@employmentandconsumerlaw.com
100 South Ashley Drive
Suite 600
Tampa, FL  33602
Telephone (813) 379-3090
Facsimile (813) 433-5126

- 7 -

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all Parties on record.

*/s/ Miguel Bouzas*_____
MIGUEL BOUZAS, ESQUIRE