# SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims (the "Agreement") is made and entered into by and between MINDY DIRIENZO, an individual, on behalf of himself, her spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("DIRIENZO"), and THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, and PATRICK K. ELLIOTT, in his individual capacity (collectively the "RELEASED PARTIES").

WHEREAS, DIRIENZO filed a lawsuit against RELEASED PARTIES titled <u>MINDY DIRIENZO v. THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC, and PATRICK K. ELLIOTT, Individually</u>, in the United States District Court for the Middle District of Florida and assigned case number 8:20-cv-01197; and

WHEREAS, in the Lawsuit, DIRIENZO asserts claims under the Fair Labor Standards Act ("FLSA") for purported unpaid minimum wages, overtime wages, attorneys' fees, and costs; and

WHEREAS, RELEASED PARTIES deny all of DIRIENZO's allegations and claims in the Lawsuit; however, to avoid the costs of protracted litigation and the associated legal costs and expenses, the PARTIES desire to resolve the claims DIRIENZO has brought against RELEASED PARTIES in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, DIRIENZO and RELEASED PARTIES agree as follows:

1. **Dismissal of the Lawsuit.** The PARTIES agree to immediately seek an order approving the terms of this Agreement and dismissing with prejudice the Lawsuit by filing a joint motion for approval of settlement agreement. In the joint motion for approval of settlement the PARTIES shall request that the Court retain jurisdiction of this matter until all payments described in this Agreement are made, at which point the Parties will file a motion for dismissal of the lawsuit with prejudice with the United States District Court for the Middle District of Florida.

2. **Waiver and Release of All Wage and Hour Claims.** In exchange for the consideration described in Paragraph 6, DIRIENZO irrevocably and unconditionally waives, releases, and forever discharges RELEASED PARTIES and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "RELEASED PARTIES"), from any and all wage and hour claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted against any of the RELEASED PARTIES in the Lawsuit, including claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide meal and/or rest periods, failure to timely pay final wages, failure to furnish accurate wage statements or other notices,

and/or failure to keep accurate records (the "RELEASED CLAIMS").  The RELEASED CLAIMS include, but are not limited to, any and all claims for:

- Violation of the FLSA, 29 U.S.C. § 201, et seq., the Florida Whistle-blower Act, Fla. Stat. Ann. § 448.101 et seq., the Florida Wage Payment Laws, Fla. Stat. Ann. §§ 222.15, 532.01 et seq., the FMWA, Fla. Stat. Ann. § 448.110, and Article X, Section 24 of the Florida Constitution (all as amended, if applicable) and any action for Breach of Contract;

- Violation of any and all local, city, state, or federal laws, statutes, ordinances, executive orders, regulations, common law, or constitutions governing wages and hours of work;

- Damages, interest, penalties, costs, attorneys' fees, equitable relief, or any other types of available recovery relating to any claim DIRIENZO may have against the RELEASED PARTIES.

**3.     Covenant Not to Sue.**  DIRIENZO agrees not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and releases in Paragraph 2, except that DIRIENZO may bring a claim to enforce this Agreement.  DIRIENZO also agrees not to participate in any class or collective action against any or all of the RELEASED PARTIES for any claim covered by the waivers and releases in Paragraph 2 and that she will elect to opt out of any lawsuit or action against any of the RELEASED PARTIES pertaining to any of the RELEASED CLAIMS, of which she is involuntarily made a member or participant.  If DIRIENZO violates this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, DIRIENZO shall be liable to such RELEASED PARTIES as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit.  Alternatively, if DIRIENZO sues the RELEASED PARTIES, other than to enforce this Agreement, DIRIENZO may be required, at RELEASED PARTIES' option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to her pursuant to this Agreement.

**4.     Rights and Claims Excluded from Waivers and Releases.**  This Agreement does not waive any rights that cannot be waived by law, including DIRIENZO's right to file a charge with an administrative agency and her right to participate in any agency investigation or proceeding.  DIRIENZO is waiving, however, any right to recover money in connection with such a charge or investigation.  DIRIENZO also is waiving any right to recover money in connection with a charge filed by any other individual or governmental agency regarding any RELEASED CLAIMS.

**5.     Non-Admission of Liability.**  DIRIENZO agrees that RELEASED PARTIES do not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the Lawsuit.  DIRIENZO also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability or of a violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

**6. Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by DIRIENZO in this Agreement, RELEASED PARTIES agree to pay the gross settlement sum of Nine Thousand Dollars and Zero Cents ($9,000.00) as follows:

(a) The sum of Two Thousand Two Hundred Dollars and Zero Cents ($2,200.00), as back wages claimed in the Lawsuit, <u>less applicable deductions</u>, made payable to "MINDY DIRIENZO" and for which RELEASED PARTIES shall issue an IRS Form W-2;

(b) The sum of Two Thousand Two Hundred Dollars and Zero Cents ($2,200.00), as liquidated damages claimed in the Lawsuit, as non-wage income, without deductions, made payable to "MINDY DIRIENZO" and for which RELEASED PARTIES shall issue an IRS Form 1099;

(c) The sum of One Hundred ($100.00), as part of the consideration for the release given by DIRIENZO and DIRIENZO's promise to comply with the terms of this Agreement, including the Agreement's confidentiality provision, made payable to "MINDY DIRIENZO" and for which RELEASED PARTIES shall issue an IRS Form 1099;

(d) The sum in the amount of Four Thousand Five Hundred Dollars ($4,500.00), made payable to FLORIN GRAY BOUZAS OWENS, LLC. for which RELEASED PARTIES will issue Forms 1099 to FLORIN GRAY BOUZAS OWENS, LLC.

**7. Timing.** RELEASED PARTIES will make the payments described in Paragraph 6 in four (4) equal monthly payments (4) beginning within thirty (30) days after DIRIENZO and RELEASED PARTIES sign this Agreement and the Court approves this Agreement, DIRIENZO and DIRIENZO's counsel, FLORIN GRAY BOUZAS OWENS, LLC, complete, execute, and submit Forms W-9 to RELEASED PARTIES.

**Each monthly payment shall consist of the following amounts:**

- $1,1250.00 to Florin Gray Bouzas Owens, LLC

- $550.00 to DIRIENZO as w-2 wages

- $575.00 to DIRIENZO as 1099 payment.

The Parties shall request that the Court retain jurisdiction of this matter until all payments are made. After all payments are made, the Parties shall seek dismissal of the Lawsuit with prejudice.

**8. Tax Advice.** DIRIENZO agrees to indemnify and hold RELEASED PARTIES harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result of the fact that it did not deduct federal income taxes, Social Security taxes, or other withholdings from

- 3 -

Consideration treated as non-wage income, or otherwise treat the entire sum as taxable wages to DIRIENZO.

**9. Confidentiality.** DIRIENZO agrees that neither she nor anyone on her behalf will, in any manner, publish to, disclose to or discuss with, any person or entity, including without limitation, any employee, former employee, agent or representative of the RELEASED PARTIES, or any representative of the media: (i) any facts related to this Agreement or to the negotiations that led to this Agreement (including the fact that the Parties negotiated a resolution of the Lawsuit); (ii) the amount of the Payment described above or of any portion of that Payment; or (iii) the existence of her claims and the factual basis for those claims.

**10. Other Agreements By DIRIENZO.** DIRIENZO also agrees that:

(a) She is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. DIRIENZO has not been coerced, threatened, or intimidated into signing this Agreement;

(b) She has been advised to consult with, and has in fact consulted with, her lawyers prior to signing this Agreement;

(c) She is not entitled to any consideration from RELEASED PARTIES other than the consideration described in Paragraph 6;

(d) She is waiving her right to participate in any class or collective action against RELEASED PARTIES and/or the other RELEASED PARTIES regarding any of the RELEASED CLAIMS.

**11. Applicable Law.** This Agreement shall be interpreted under the laws of the State of Florida without regard to its choice of law provisions.

**12. Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of handwritten signatures shall be considered the equivalent of an original signature.

**13. Entire Agreement.** This Agreement sets forth the entire agreement between DIRIENZO and RELEASED PARTIES regarding their settlement of the Lawsuit, and supersedes any other written or oral statements, representations, communications, understandings, and agreements in this respect. No amendment or modification of the terms of this Agreement shall be binding on the PARTIES unless reduced to writing and signed by DIRIENZO and RELEASED PARTIES.

**14. Severability.** DIRIENZO and RELEASED PARTIES agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be

stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2-3 is deemed to be illegal, invalid, or unenforceable in whole or in part, RELEASED PARTIES' obligations under this Agreement shall be nullified.

*[signature]*
MINDY DIRIENZO

Date: 7-7-20

DocuSigned by:
*Patrick K. Elliott*
THE LAW OFFICE OF PATRICK K. ELLIOTT

DocuSigned by:
*Patrick K. Elliott*
Title: Managing Member

Date: 7/6/2020

-and-

DocuSigned by:
*Patrick K. Elliott*
Patrick K. Elliott

Date: 7/6/2020