UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MINDY DIRIENZO,**

    **Plaintiff,**

v.                                           Case No: 8:20-cv-1197-T-35CPT

**THE LAW OFFICE OF PATRICK K.
ELLIOTT, PLLC and PATRICK K.
ELLIOT, individually,**

    **Defendants.**

_____

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal of This Matter. (Dkt. 15) The Parties request that the Court approve their settlement of Plaintiff's Fair Labor Standards Act claims and dismiss the case with prejudice.

A claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. If the claims were resolved without compromise, a joint motion to approve proposed FLSA settlement is unnecessary. Bonetti v. Embarq Management Co., 715 F. Supp.2d 1222, 1227 n.6 (M.D. Fla. 2009).

Though the Parties have submitted their settlement agreement for the Court's approval, they advise in their Joint Motion that "Plaintiff is receiving the full amount of the purported wages earned and an equal amount in liquidated damages. As such, Plaintiff's claims were not compromised." (Dkt. 15 at 2) As the Parties' settlement did not compromise Plaintiff's wage claims, the Court finds that a review of the settlement is not required for dismissal. See Lynn's Food Stores, Inc, 679 F.2d at 1352; Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009).

Accordingly, it is hereby **ORDERED** that:

1. This case is **DISMISSED WITH PREJUDICE**. Each Party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement.

2. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of August, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties